UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEITH FORTH et al.,

                 Plaintiffs,                  Case No. 1:08-cv-368

v.

                                                Honorable Janet T. Neff

MARY BERGHUIS et al.,

                 Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoners pursuant to 42 U.S.C. § 1983. Plaintiffs have paid the filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiffs' complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiffs Keith Forth, Kevin King and Bruce Moilanen are presently incarcerated at the Earnest C. Brooks Correctional Facility (LRF).  In their *pro se* complaint, Plaintiffs sue Warden Mary Berghuis, Deputy Warden Rick Smith, and Assistant Deputy Warden Mark Sutherby for violating their Eighth Amendment rights by exposing them to high levels of Environmental Tobacco Smoke (ETS), or secondhand smoke, which pose "incalculable adverse effects to their current and future health."  (Compl. at 1; docket #1.)

In order to avoid ETS, Plaintiffs requested immediate placement in non-smoking areas of LRF.  (*Id.*)  Plaintiffs allege that Defendants have ignored their complaints, refused to take any corrective action to protect them from ETS, and refused to designate a non-smoking area "where (ETS) is not emitted into the shared air space."  (*Id.*)  Plaintiffs argue that Defendants are aware other prisoners smoke within shared air space.  (*Id.* at 3.)  "No separate ventilation or barriers are in place to protect Plaintiffs' immediate and future health from ETS."  (*Id.*)

Plaintiffs request injunctive and declaratory relief and monetary damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiffs allege an Eighth Amendment claim against Defendants based on their exposure to high levels of ETS, which poses an unreasonable risk of serious damage to their current and future health. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. CONST. amend. VIII. The Eighth Amendment also obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A prison official violates the Eighth Amendment when he or she is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

*Helling v. McKinney,* 509 U.S. 25 (1993) is the seminal United States Supreme Court case in this area. In *Helling*, a prisoner initiated a § 1983 action against prison officials claiming that his involuntary exposure to ETS from a cellmate[1] posed an unreasonable risk of serious damage to his future health in violation of the Eighth Amendment. *Helling*, 509 U.S. at 35. The Supreme Court affirmed the decision of the Court of Appeals to remand the case to the district court to allow the prisoner an opportunity to prove his case, which also required the prisoner to prove both the subjective and objective elements necessary for an Eighth Amendment violation. *Id*. Relevant to the objective element is whether the prisoner endured unreasonably high exposure to ETS that society would consider violative of contemporary standards of decency. *Id.* at 35-36. Relevant to

---

[1]The cellmate in *Helling* smoked five packs of cigarettes a day. *Helling,* 509 U.S. at 35.

the subjective element is whether prison officials had exhibited deliberate indifference with regard to the dangers of a prisoner's exposure to ETS.  *Id*. at 36.

Plaintiffs fail to satisfy the objective component for an Eighth Amendment violation. To prove the objective element, the prisoner must first show that he has been exposed to unreasonably high levels of ETS.[2] *Id.* at 35. "More than mere scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will be caused by exposure to ETS" is necessary to establish the objective component. *Id.* at 36.  Second, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.*  Plaintiffs allege that they have been exposed to high levels of ETS, which was routinely discharged from other smoking prisoners. (Compl. at 1.) Nevertheless, Plaintiffs failed to allege any facts quantifying their levels of exposure.  Plaintiffs' conclusory allegations regarding the level of ETS to which they were exposed fail to support the objective component of an Eighth Amendment claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

The Supreme Court in *Helling* did not mandate smoke-free prisons.  *Williams v. Howes,* No. 1:05-cv-817, 2007 WL 1032365, at *14 (W.D. Mich. Mar. 30, 2007) (citing *Scott v. Dist. of Columbia*, 139 F.3d 940, 942 (D.C. Cir. 1998) and *Mansoori v. Lappin,* No. 04-3241-JAR, 2007 WL 401290, at *10 (D. Kan. Feb. 1, 2007)).  A prisoner's exposure to smoke must cause more

---

[2]"Plainly relevant to this determination" was the fact that plaintiff in *Helling* had been moved to a different prison and was "no longer the cellmate of a five-pack-a-day smoker." *Helling,* 509 U.S. at 35.  The Supreme Court also observed that the prison had adopted a formal smoking policy restricting smoking to certain areas and where wardens could, contingent on space availability, designate non-smoking areas in dormitory sections. *Id.* at 35-36. The Supreme Court noted that the changed policies could make it impossible for the plaintiff to prove that he would be exposed to an unreasonable risk of ETS with respect to his future health. *Id.* at 36.

than mere discomfort or inconvenience.  *Talal v. White,* 403 F.3d 423, 426 (6th Cir. 2005).  Plaintiffs do not allege any facts suggesting that their exposure to ETS caused them anything beyond discomfort.  Nor do they allege any serious medical problem related to their ETS exposure such as asthma or allergies.  *See Oliver v. Deen*, 77 F.3d 156, 159-61 (7th Cir. 1996) (an asthmatic inmate's assignment to cells with smoking inmates for 133 days resulting in ETS exposure which aggravated the plaintiff's asthma and necessitated his increased use of an inhaler failed to satisfy the objective component); *Williams,* 2007 WL 1032365, at *15 (asthmatic inmate's exposure to ETS during a seven-month period failed to satisfy the objective component).

It is also obvious from the case law in this area that the risk of which Plaintiffs complain *is* one that today's society chooses to tolerate.  *See Griffin v. DeRosa*, 153 F. App'x 851, 853 (3d Cir. 2005) (a prisoner's allegation that he had been exposed to ETS in inadequately ventilated restrooms over twenty months failed to show that the prisoner was exposed to unreasonably high levels of ETS contrary to contemporary standards of decency); *Hankins v. Bethea*, No. CIVA 0:05-3334 DCNBM, 2007 WL 172509, at *6 (D.S.C. Jan. 18, 2007) ("[e]xposure to moderate levels of cigarette smoke is a common fact of contemporary life, and [p]laintiff has failed to present evidence to show that the amount of ETS he was exposed to during the relatively short [5-month] period of time set forth in his [c]omplaint was at such an unreasonably high level that it violated contemporary standards of decency"); *Colon v. Sawyer*, No. 9:03-CV-1018 LEK/DEP, 2006 WL 721763, at *9 (N.D.N.Y. Mar. 20, 2006) (asthmatic plaintiff's claim that "he [was] housed in a dormitory unit where smoking [was] permitted, and that he [was] subjected to ETS near the dining hall entrance and exit, as well as his speculation that such circumstances 'may result in catastrophic harm to [him],' . . ., simply [did] not describe conditions that rise to a level which today's society

- 5 -

chooses not to tolerate"); *see also Conyers v. Mich. Dep't of Corr.*, No. 5:06-cv-100, 2006 WL 2644990, at *6 (W.D. Mich. Sept. 14, 2006).  Therefore, Plaintiffs' allegations fail to satisfy the objective element for an Eighth Amendment claim.

Plaintiffs further fail to meet the subjective element of the *Helling* test, i.e., that Defendants were deliberately indifferent to Plaintiffs' exposure to unreasonably high levels of ETS. LRF prison officials had appropriate policies in place.  Policy Directive 01.03.140 states that smoking is prohibited in prisoner housing units.  *See* MICH. DEP'T OF CORR., Policy Directive 01.03.140, ¶ B.  The adoption of the MDOC's no-smoking policy and the prison officials' current attitude and conduct, which reflect a "zero tolerance" for smoking in the housing units, bears heavily on the deliberate indifference inquiry.  *See Helling*, 509 U.S. at 36. Plaintiffs complain that Defendants do not enforce the smoking policy in common living areas.  (Compl. at 3.)  It is well established that imperfect enforcement of a non-smoking policy does not rise to the level of deliberate indifference. *Talal*, 403 F.3d at 427; *Wilson v. Hofbauer*, 113 F. App'x 651, 652 (6th Cir. 2004) (imperfect enforcement of MDOC Policy Directive 01.03.140, which prohibited smoking in all occupied buildings, including housing units, "show[ed], at most, negligence by the defendants, rather than deliberate indifference"); *Moorer v. Price*, 83 F. App'x 770, 773 (6th Cir. 2003) (imperfect enforcement of MDOC Policy Directive 01.03.140 does not equate to deliberate indifference). Therefore, I conclude that Plaintiffs' allegations fail to state an Eighth Amendment claim.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiffs' complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  May 1, 2008                          /s/  Joseph G. Scoville
                                             United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).