UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

BRUCE R. MOILANEN, # 235252,

        Plaintiff,

v.

MARY BERGHUIS, et al.,

        Defendants.

Case No. 1:08-cv-368

Honorable Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns the conditions of his confinement at the Earnest C. Brooks Correctional Facility (LRF) between October 12, 2005 and December 8, 2008. The defendants are Warden Mary Berghuis, Deputy Warden Rick Smith, and Assistant Deputy Warden of housing Mark Sutherby. Plaintiff sues defendants in their individual capacities and seeks an award of damages and declaratory and injunctive relief. Plaintiff alleges that defendants violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause by allowing him to be exposed to second-hand tobacco smoke (ETS).

The matter is before the court on defendants' motion for summary judgment asserting the defense of qualified immunity. (docket # 32). Plaintiff filed his response (docket #s 47-49), and defendants' motion is ready for decision. For the reasons set forth herein, I recommend that plaintiff's requests for declaratory and injunctive relief be dismissed as moot. I further recommend that defendants' motion for summary judgment on the ground of qualified immunity be denied.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.[1] FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the

---

[1] "The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010. *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

mere allegations of his pleadings. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

## **Procedural History and Related Case**

This action was initiated on April 21, 2008, by three prisoners (Keith Forth, Kevin King, and Bruce Moilanen) complaining of exposure to ETS at Brooks Correctional Facility (LRF). On initial screening, the court dismissed the complaint for failure to state a claim. On appeal, the Sixth Circuit Court of Appeals reversed the dismissal and remanded the case for further proceedings. (Op. of 10/9/2009, docket # 6). Thereafter, the claims of Keith Forth were dismissed for lack of prosecution. (Order, docket # 20). By agreement of the parties, the claims of plaintiff Kevin King were dismissed without prejudice, in favor of identical claims asserted in an already pending lawsuit in the Northern Division, *King v. Sherry*, No. 2:07-cv-33, assigned to District Judge Gordon J. Quist. Bruce Moilanen is therefore the only plaintiff remaining in the present case.

The Northern Division case brought by Kevin King has been the subject of extensive proceedings. Defendants have provided this court with the transcript of an evidentiary hearing conducted on August 11, 2008, by Magistrate Judge Timothy P. Greeley on King's motion for a preliminary injunction. (Exs. A and B to docket # 33). Bruce Moilanen, the plaintiff in the present

case, testified as a witness for plaintiff in the Northern Division case, which, like the present case, includes Eighth Amendment claims for exposure to ETS at LRF during the same time period.

On the basis of the extensive evidentiary record made in the Northern Division case, District Judge Gordon Quist adopted Magistrate Judge Greeley's recommendation that preliminary injunctive relief be denied with regard to present conditions of plaintiff King's confinement. *King v. Sherry*, No. 2:07-cv-133, 2008 WL 4534416 (W.D. Mich. Sept. 29, 2008). With regard to King's exposure to ETS while incarcerated at the Brooks Facility from 2005 through 2007, however, Judge Quist denied a motion for summary judgment, brought on the ground of qualified immunity. *King v. Sherry*, No. 2:07-cv-133, 2010 WL 1265203 (W.D. Mich. Mar. 29, 2010). Judge Quist found that material issues of fact existed both as to the objective and the subjective components of an Eighth Amendment claim. The court further found that defendants Berghuis, Smith, and Caruso were not entitled to qualified immunity, as plaintiff's Eighth Amendment right was clearly established at the time defendants acted and King had produced sufficient evidence to indicate that defendants' conduct was objectively unreasonable. *Id.* at * 4. Defendants brought an interlocutory appeal to the Sixth Circuit Court of Appeals. By order entered March 24, 2011, a panel of the Court of Appeals dismissed the interlocutory appeal for lack of jurisdiction, noting that defendants' appeal did not turn on the existence of a legal question but on unresolved factual disputes. *King v. Sherry*, No. 10-1921 (6th Cir. Mar. 24, 2011).

## Discussion

A.   **Eighth Amendment Claim Against Defendants in Their Individual Capacities**

Plaintiff asserts that defendants were deliberately indifferent to a serious risk to his health caused by exposure to ETS. The Sixth Circuit has provided the following analysis for determining when a prisoner's exposure to ETS violates the Eighth Amendment:

> "The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain'" on a prisoner by acting with "deliberate indifference" to the prisoner's serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The test for determining deliberate indifference based on exposure to ETS has both objective and subjective components. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). To satisfy the objective component, a prisoner must show that his medical needs are "sufficiently serious." *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The exposure to smoke must cause more than "mere discomfort or inconvenience." *Id.* at 735. Additionally, the prisoner must demonstrate that the risk is one which society deems "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling*, 509 U.S. at 36, 113 S.Ct. 2475, 125 L.Ed.2d 22. To satisfy the subjective component, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. *Id.* at 32, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22.

*Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). Defendants seek summary judgment on the claims against them in their individual capacities, arguing that plaintiff has not met either the objective or subjective components of an Eighth Amendment claim. Alternatively, they seek a ruling that they are entitled to qualified immunity. Upon review of the record, I conclude that plaintiff's claims are materially indistinguishable from those found by Judge Quist to be sufficient in *King v. Sherry* and that the proofs are essentially identical. I therefore recommend that defendants' motion for summary judgment be denied.

Plaintiff is an inmate of the Michigan Department of Corrections, serving a life sentence on a first-degree murder conviction. He was an inmate at LRF from October 2005 through December 2008. During this time, plaintiff was housed in the A wing of the Allegan Unit, which is designated as a "tobacco-free" housing area. Prisoners who request to be housed in this area sign an agreement to forego the purchase and use of tobacco products.

While housed in the A unit, plaintiff submitted numerous complaints that he was nevertheless subjected to ETS. Plaintiff contended (and the record supports his contentions) that prisoners housed in the A wing were nevertheless subjected to ETS, stemming from a variety of sources. Plaintiff asserts that his first roommate smoked regularly in the cell. He testified that he is exposed to smoke from nearby cells that are designated for smoking. (Def. Ex. A, at 108). There is evidence that prisoners regularly violate the rules by smoking in tobacco-free housing areas. (*See* testimony of Mattingly, Def. Ex. A, at 116-23). Plaintiff asserts that the offending prisoners are merely given minor misconduct tickets but are allowed to remain in the allegedly non-smoking unit. Plaintiff testified that the walls of his cell are coated with smoke and that the ceiling tiles and vents are yellow. (Def. Ex. A, at 107).

Plaintiff contends that he has suffered from allergies all of his life and has presented medical records to the court documenting periodic treatment. Additionally, the medical records show that in December of 1997, plaintiff suffered a generalized seizure, for which he was hospitalized. (Plf. Ex. 2). Plaintiff has filed declarations from fellow prisoners to testify that they have observed symptoms of allergies, chronic coughs, sinus problems, and light sensitivity exhibited by plaintiff during the term of his incarceration. (Plf. Ex. 3). Additionally, during his testimony in

the Northern Division case, plaintiff testified that as a result of exposure to second-hand smoke he suffered headaches, a scratchy throat, and itchy and watery eyes. (Def. Ex. A-109).

With regard to the objective component of an Eighth Amendment claim, a prisoner's exposure to ETS must cause more than mere discomfort or inconvenience. *Talal*, 403 F.3d at 426. In the *King* case, Judge Quist found that King met his burden to show the existence of a triable issue of fact because he was subject to a "special accommodation notice," which provided a medical certification of his need for tobacco-free housing arising from a stroke that King had suffered. 2008 WL 822197, at * 2. Defendants argue that the lack of such a special accommodation notice in Mr. Moilanen's case demonstrates that he cannot meet the objective component of an Eighth Amendment claim. Further, defendants point to the results of plaintiff's annual medical screenings (*e.g.*, Def. Ex. G) which do not document any serious or chronic illness. The prison medical records presented by plaintiff, in contrast, document a history of asthma and allergies (Plf. Ex. 1) and hospitalization for seizure disorder (Plf. Ex. 2). Furthermore, soon after he was transferred from LRF, medical examination noted persistent cough for over three months with abnormal lung sounds, for which doctors prescribed Albuterol. (Plf. Ex. 11(a)). In August of 2010, a doctor diagnosed lower lung field granuloma. (Plf. Ex. 11(b)). Although these medical findings post-dated the time that plaintiff was at LRF, a trier of fact could view them as corroborating evidence tending to establish the seriousness of plaintiff's claims during the time he was at LRF. Although Mr. King's proofs in support of the objective component of an Eighth Amendment claim may have been stronger on account of the special accommodations notice, Mr. Moilanen's proofs are certainly sufficient to raise a triable issue of fact as well. *See Reilly v. Grayson*, 310 F.3d 519 (6th Cir. 2002) (Michigan prison officials deliberately indifferent to health hazards of ETS to prisoner with asthma); *Hunt v. Reynolds*,

974 F.2d 734, 735 (6th Cir. 1992) (issue is whether the prisoner's preexisting medical condition is such that exposing him to ETS represents a serious health threat or constitutes "mere discomfort"); *see also Tatal*, 403 F.3d at 427 (prisoner satisfied objective component by showing that exposure to smoke caused sinus problems and dizziness).

The second component of an Eighth Amendment claim is subjective, and requires proof of deliberate indifference to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy this component, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. *Tatal*, 403 F.3d at 426. Plaintiff has submitted copies of numerous grievances and other communications with prison officials at LRF complaining about his exposure to ETS. (Plf. Exs. 6, 7). Defendants' motion for summary judgment does not seriously dispute the contention that they were subjectively aware of plaintiff's complaints in this regard. In the related case of *King v. Sherry*, Judge Quist found that Warden Berghuis and Deputy Warden Smith were not entitled to summary judgment, as the proofs were sufficient to raise a triable issue of fact on the subjective, deliberate indifference component. *King v. Sherry*, 2010 WL 1265203, at * 3. Judge Quist pointed out that defendants were aware, through numerous misconduct tickets, that prisoners were caught smoking inside the facility in violation of rules. He further found an issue of fact regarding the good-faith efforts of prison administrators to address the situation. Defendants Berghuis and Smith have not presented any cogent reason for a different result in this case, which involves the same wing of the same prison during the same time period.[2]

---

[2] Defendants Sutherby is not a party in the *King* litigation. Plaintiff's exhibits show, however, that he was personally aware of plaintiff's complaints concerning ETS during this period. (*See, e.g.,* Plf. Ex. 7).

In summary, I conclude that genuine issues of material fact preclude summary judgment on plaintiff's Eighth Amendment claim.

### B. Qualified Immunity

Defendants also assert qualified immunity. The first prong of qualified immunity analysis is whether the plaintiff has alleged and supported with evidence facts showing that the defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established at the time of the defendant's alleged misconduct." *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

With regard to the first prong, as detailed above, I find that plaintiff has alleged and supported with evidence facts showing that his Eighth Amendment rights have been abridged. The second prong (which frames a purely legal question) is also easily answered. A prisoner's Eighth Amendment right to be free from deliberate indifference to his serious medical needs arising from exposure to ETS has been long established in the federal courts. *See Helling v. McKinney*, 509 U.S. 25 (1993). Plaintiff's legal rights have been clearly established for almost twenty years. The only disputes in this case are factual in nature -- whether plaintiff's medical condition was indeed serious and whether defendants displayed deliberate indifference to an exacerbation of his condition by exposure to ETS. As Judge Quist found in the *King* case, such unresolved issues of material fact render a case inappropriate for resolution by summary judgment on the qualified immunity defense.

### B. Request for Injunctive Relief

Plaintiff's complaint concerns the conditions of his confinement at LRF. His claims for declaratory and injunctive relief are rendered moot by his current confinement at the Lakeland Correctional Facility. *See Cardinal v. Metrish*, 564 F.3d 794, 789-99 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Furthermore, since 2009, all Michigan prisoners are smoke-free. Plaintiff's claims for prospective relief are therefore moot.

### Recommended Disposition

For the foregoing reasons, I recommend that the motion of defendants Berghuis, Sutherby and Smith for summary judgment (docket # 32) be granted in part and denied in part as follows: (a) all plaintiff's claims for injunctive relief should be dismissed as moot; (b) defendants' motion for judgment on the Eighth Amendment claims brought against them in their individual capacities for damages should be denied.

Dated: March 29, 2011       /s/ Joseph G. Scoville
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).